UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NESET YILDIRIM,

                                  Plaintiff,          Case # 18-CV-6098-FPG

v.                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

## INTRODUCTION

Plaintiff Neset Yildirim seeks review of the decision of the Social Security Administration ("the SSA") to deny him Disability Insurance Benefits ("DIB"). ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 16. For the reasons that follow, Plaintiff's motion is GRANTED, Defendant's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## BACKGROUND

In his DIB application, Plaintiff alleged disability since July 9, 2014 due to a back injury, anxiety, and depression. Tr.[1] 63-64, 155-61. After the SSA denied his application, Plaintiff and a vocational expert testified at a video hearing before Administrative Law Judge Lisa B. Martin ("the ALJ"). Tr. 34-62. On November 25, 2016, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review of that decision. Tr. 1-6, 18-29. On February 1, 2018, Plaintiff appealed to this Court. ECF No. 1.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 9.

1

**LEGAL STANDARD**

**I.        District Court Review**

When the Court reviews a final decision from the SSA, it "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

**II.       Disability Determination**

An ALJ uses a five-step sequential evaluation to determine whether a claimant is disabled. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, then he or she is not disabled. If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing

and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding the limitations that stem from the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can return to his or her past relevant work, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff has three severe impairments: lumbar and cervical spine disorders and obesity. Tr. 20-22. At step three, the ALJ found that these impairments, alone or in combination, do not meet or medically equal any Listings impairment. Tr. 22.

Next, the ALJ determined that Plaintiff retains the RFC to perform light work[2] and must change positions every 30 minutes for one to two minutes.[3] Tr. 22-27. At step four, the ALJ found that Plaintiff cannot perform his past relevant work. Tr. 27. At step five, the ALJ determined that Plaintiff can adjust to other work that exists in significant numbers in the national economy. Tr. 27-28. Accordingly, the ALJ found Plaintiff not disabled. Tr. 28-29.

**II.     Analysis**

Plaintiff argues that remand is required because the RFC determination lacks substantial evidence. Specifically, Plaintiff asserts that the ALJ violated the treating physician rule, which led to the erroneous RFC determination that he only needs a one-to-two-minute break to accommodate his limited ability to sit and stand.[4] ECF No. 13-1 at 14-18. The Court agrees.

A claimant's RFC reflects what he "can still do despite [his] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). ALJs "weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order).

When an ALJ weighs the medical evidence, she must afford controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[3] The ALJ's RFC determination included other limitations, none of which are relevant to the Court's analysis.

[4] Plaintiff makes other arguments that the Court does not consider.

4

20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must comprehensively set forth her reasons for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004).

Although an ALJ must give good reasons for discounting a treating physician's opinion, she does not have to "reconcile . . . every conflicting shred of medical testimony" and may rely on portions of a medical opinion. *Chmura v. Berryhill*, No. 16-CV-205-FPG, 2017 WL 1829728, at *3 (W.D.N.Y. May 8, 2017) (citations and quotation marks omitted). But if an ALJ adopts only part of a medical opinion, she must thoroughly explain why she chose to do so. *See Shaw v. Chater*, 221 F.3d 126, 135 (2d Cir. 2000) (the ALJ erred when he rejected a disability finding in a medical opinion but relied on observations in the opinion showing improvement as proof plaintiff was not disabled); *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) (holding that an ALJ must have "sound reason[s]" for weighting portions of a medical opinion differently if "doing so smacks of 'cherry picking'").

In 2015, treating physician Matthew Grier, D.O., assessed Plaintiff's ability to do physical work-related activities. Tr. 427-33. Dr. Grier opined that Plaintiff has a limited ability to lift, carry, and perform repetitive movements and can sit for three hours total and stand and walk for one hour total in an eight-hour workday. Tr. 427-28. Dr. Grier also opined that Plaintiff can sit for 15 to 30 minutes at one time before he must stand and walk for 10 to 15 minutes. Tr. 429.

The ALJ afforded "some weight" to Dr. Grier's assessment, but it is entirely unclear why— the ALJ only discusses Dr. Grier's opinion as to lifting, carrying, and performing repetitive motions and ignores Dr. Grier's opinion as to sitting, standing, and walking. Tr. 25-26. This is particularly harmful because Dr. Grier's opinion that Plaintiff can only sit for three hours total and

stand and walk for one hour total in an eight-hour workday, if credited, renders Plaintiff disabled; light and sedentary work both require a greater ability to perform these activities.[5] The ALJ should not have rejected part of Dr. Grier's opinion without explaining her reasons for doing so. *See, e.g.*, *Palmer v. Berryhill*, No. 16-CV-822-FPG, 2018 WL 797281, at *3 (W.D.N.Y. Feb. 9, 2018) (noting that a medical source's opinion was "very favorable" to plaintiff's disability claim and finding that "the ALJ should not have rejected it without explanation"); *Milillo v. Comm'r of Soc. Sec.*, No. 18-CV-432-FPG, 2019 WL 642649, at *3 (W.D.N.Y. Feb. 15, 2019) (ALJ erred by ignoring treating physician's opinion); *see also* 20 C.F.R. § 404.1527(c)(2) (the ALJ "will always give good reasons" for the weight afforded to a treating source's opinion).

Additionally, the ALJ's determination that Plaintiff only needs a one-to-two-minute break to change positions lacks substantial evidence. As noted above, the ALJ ignored Dr. Grier's opinion that Plaintiff needs a 10-to-15-minute break to change positions. Consultative examiner Samuel Balderman, M.D., opined that Plaintiff has "moderate to marked limitation" in his ability to engage in prolonged sitting and standing, without opining how long of a break, if any, Plaintiff needed to change positions. Tr. 411. The ALJ gave great weight to Dr. Balderman's opinion and concluded that the "change of position" opportunity in the RFC "limits prolonged standing and sitting," without any explanation of why that was so or how she determined that one-to-two-minutes was an appropriate amount of time. Tr. 26. Moreover, at the hearing, Plaintiff stated many times that he has pain with prolonged sitting and standing, without any indication that a one-to-two-minute opportunity to change positions would alleviate that pain. *See, e.g.*, Tr. 43-44, 50-51, 53-54. The Court cannot find, and the Commissioner has not pointed to, any record evidence

---

[5] Light work requires standing or walking for six hours total in an eight-hour workday with intermittent sitting, and sedentary work requires standing or walking for two hours total and sitting for six hours total in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, at *5-6 (S.S.A. Jan. 1, 1983); *see also* 20 C.F.R. § 404.1567(a), (b).

suggesting that a one-to-two-minute break, as opposed to some other amount of time, is appropriate for Plaintiff. *See, e.g.*, *Quinn v. Colvin*, 199 F. Supp. 3d 692, 713 (W.D.N.Y. 2016) (RFC determination that plaintiff had to change position for "brief periods of one or two minutes" lacked substantial evidence); *Vinson v. Colvin*, No. 6:15-cv-06006, 2015 WL 8482783, at *4 (W.D.N.Y. Dec. 9, 2015) (RFC determination that plaintiff had to sit for one-to-two minutes after standing for 15 minutes and stand for one-to-two minutes after sitting for 30 minutes lacked substantial evidence).

Accordingly, for all the reasons stated, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 15, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court